JOHN B. LILJA v. COUNTY OF WRIGHT AND OTHERS.

239 N. W. 2d 465.

February 20, 1976—No. 45686.

---

*Schroeppel & Lilja* and *Thomas P. Lilja,* for appellant.

*Wyman A. Nelson,* County Attorney, for respondents.

Heard before Otis, Scott, and Amdahl, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

This is an appeal from a judgment against plaintiff in the Wright County District Court. Plaintiff had petitioned the Wright County Board of Commissioners to reclassify certain property. When the petition was denied, this action was commenced in district court.

Plaintiff purchased a duplex within the city limits of Monticello, Minnesota, located on 2 platted lots. One section of the duplex containing 5 rooms and bath is currently being rented, and is not subject to this appeal. The part that is subject to this appeal consists of 8 rooms and a bath. The structure was built for the plaintiff's great-great-grandfather and occupied continuously by relatives. Plaintiff states that the property has great sentimental and historical value to himself and his family and he wants to retain it and use it only for weekend relaxation and gardening. He lives in the metropolitan area and drives to Monticello only on some weekends. Plaintiff purchased this property in 1971, and in 1972 the portion of the duplex available to him and his family was classified for tax purposes as residential —non-homestead. Plaintiff wishes to have it classified as seasonal residential recreational.

The issue involved is whether the district court's determination that said property was not entitled to be classified as "real property devoted to temporary and seasonal residential occupancy for recreational purposes" within the meaning of Minn. St. 273.13, subd. 4, was arbitrary under the facts of this case.

The statute provides that "[a]ll real property devoted to temporary and seasonal residential occupancy for recreational purposes" shall be valued and assessed at 33 1/3 percent of the mar-

ket value thereof. § 273.13, subd. 4. (Non-homestead residential property "shall have a taxable value equal to 40 percent of market value." § 273.13, subd. 19.) The question arises as to the true purpose intended by the legislature in enacting the statute. Was the statute designed to cover all city residential property where the owner resides elsewhere but uses such property for weekend relaxation and gardening? There is no doubt that the legislature intended to give some tax relief to those properties devoted to temporary seasonal and residential occupancy for recreational purposes. It is true, as we indicated in Otis Lodge, Inc. v. Commr. of Taxation, 295 Minn. 80, 206 N. W. 2d 3 (1972), that each case must be decided on its own facts and meet all the requirements of this statute. There is no question that this property is "devoted to temporary and seasonal residential occupancy," but the pivotal phrase of the statute in this case is: "for recreational purposes." Did the legislature have in mind that a weekend of relaxation and gardening was a recreational purpose?

Let us assume that a person living in Duluth purchases a duplex in residential St. Paul near the State Fairgrounds where he comes to relax and take advantage of the State Fair and other activities at this facility which take place from time to time throughout the year, and even does a little gardening in the backyard as a matter of further relaxation, exercise, and recreation. A similar set of circumstances could involve a residence near the Guthrie Theatre in Minneapolis. We all march to different drummers and therefore each has his own specific way of gaining relaxation and recreation. The question is, did the legislature intend a tax break for the two hypotheses outlined above? We think not. As we indicated in Otis Lodge, Inc. v. Commr. of Taxation, *supra,* to "get away from it all" is not a recreational activity, and even though one can very well construe gardening as recreation to some, we are not willing to extend the statute to cover such activity as recreational.

The cases cited by relator as referring to the definition of recreation are inapposite. Comptroller of Treasury v. M. E. Rock-

hill, Inc. 205 Md. 226, 107 A. 2d 93 (1954), indicated that the term "resort area" need not refer to a public amusement area. The Rockhill case discusses the term "recreational" in a very different context than the situation presented here. That court was satisfied that—

"* * * [r]ecreation denotes refreshment of body or mind after toil. It may come from any pleasant and diverting exercise or employment." 205 Md. 231, 107 A. 2d 96.

Although recreation can come in a variety of forms, the definition offered in the Rockhill case does not adequately distinguish between recreational and residential property. Using the Rockhill definition, anyone could claim his home as a recreational unit simply by asserting that he enjoys being in it. The definition of "recreation" in In re City of Enid, 195 Okla. 365, 158 P. 2d 348 (1945), involved taxing admissions receipts from a recreational swimming pool under an excise tax on places of amusement. Clearly, the instant case involves a different question. Moore v. Valley Garden Center, 66 Ariz. 209, 185 P. 2d 998 (1947), involved the question of whether a lease of land for horticultural gardens was a lease for "recreational purposes" within a city charter's meaning.

We indicated in the Otis Lodge case that originally the "legislative history of Minn. St. 273.13, subd. 4, demonstrates an intent to provide tax relief to the resort industry." 295 Minn. 82, 206 N. W. 2d 6. This purpose was later extended to privately used as well as commercially used property. If we were to extend the meaning of this statute to cover plaintiff's property here, such definition would permit any part-time resident to qualify for lower tax assessment. Plainly, this was not the original purpose of the statute, and we are not persuaded that this was meant by the extension. Therefore, no matter what the term recreational may mean in other factual situations we do not find the activity here to be "recreational" within the meaning of this statute.

Affirmed.

YETKA, JUSTICE (dissenting).

I would reverse. The majority admits that the property is devoted to temporary and seasonal residential occupancy, but determines that it is not being used for recreational purposes.

The statute in point provides that all real property devoted to temporary and seasonal residential occupancy for recreational purposes shall be valued and assessed at 33 1/3 percent of market value, while commercial property is valued and assessed at 40 percent of market value.

Merely because an owner decides to use property for recreational purposes that would normally be used for business or commercial use should not preclude him from claiming the assessment for recreational purposes if that is in fact the use to which the property is placed. The owner is saving the local units of government the usual expenses of sending children to school, continued snow plowing, greater police surveillance, and use of local hospitals and public buildings, so why shouldn't he have the benefit of a lower assessment in return. I believe that was the legislative intent.

I would place emphasis on the *use* of the property, rather than the mere form of the structure itself. Here the use plaintiff made of the property was an occasional weekend of relaxation and gardening—to me a clear recreational use entitling him to the lower assessment.