**In re Objections to Real Property Taxes:**

**Donald P. HELGESON and Arline Helgeson, Petitioners, Respondents,**

v.

**COUNTY OF HENNEPIN, Respondent, Relator.**

No. C2–85–1847.

Supreme Court of Minnesota.

May 16, 1986.

Robert T. Rudy, Asst. Co. Atty., Minneapolis, for relator.

Patrick Murray, Minneapolis, for respondents.

YETKA, Justice.

Hennepin County seeks review of a Minnesota Tax Court decision holding that a condominium owned by Donald and Arline Helgeson is seasonal/recreational property under Minn.Stat. § 273.13, subd. 4(a) (1984). We affirm the tax court.

Donald Helgeson owns Jack Frost Farms, Inc., a poultry wholesale business in St. Cloud. The Helgesons' homestead is in Sartell, Minnesota. Since 1981, they have owned a one-bedroom condominium overlooking Loring Park in Minneapolis. They use the Minneapolis condominium pe-

riodically throughout the year when they come to enjoy the city's recreational and cultural benefits. He considers himself "semi-retired," and he and his wife are able to use the condominium frequently.

The Hennepin County assessor classified the condominium as non-homestead residential property under Minn.Stat. § 273.13, subd. 19, which, in this case, is assessed at a rate of 28% of market value. The Helgesons filed Chapter 278 real estate tax petitions contesting the assessor's determination. *See* Minn.Stat. § 278.01 (1984).

The trial in the tax court consisted only of Donald Helgeson's testimony. He stated that, in 1983 and 1984, the assessment years in question, he and his wife maintained an active life at their home in Sartell as well as at their apartment in Minneapolis. They had season tickets for the Minnesota Orchestra and the Guthrie Theatre. They would arrive in Minneapolis in time for a performance, stay overnight at the condominium, and leave the following day. While in the city, they would partake in outdoor activities such as bicycling, canoeing, jogging, skating and tennis in the parks or at their condominium complex. They were also members of the Greenway and Minneapolis Athletic Clubs and would sometimes use the facilities to swim and play indoor tennis. They lived a similar style of life at their home in Sartell. He testified that the condominium had never been rented out or used for business purposes. Because he and his wife spend most of the summer at their home in Sartell and typically vacation in the south during the winter, the Minneapolis condominium was most frequently used during the spring and fall. Based on this testimony, the tax court changed the classification of the condominium from non-homestead residential to Class 3-seasonal/recreational property and ordered real estate taxes due and payable in 1984 and 1985 recomputed accordingly. Hennepin County appealed to this court.

The sole issue in this appeal is whether the condominium owned by the Helgesons is seasonal/recreational property under Minn.Stat. § 273.13, subd. 4(a). We will uphold a decision of the tax court if we find its determination reasonable. *Red Owl Stores, Inc. v. Commissioner of Taxation,* 264 Minn. 1, 117 N.W.2d 401 (1962).

Since 1960, Minnesota has had a special real estate tax classification for property used as a temporary and seasonal residence for recreational purposes. *See* Act of April 18, 1959, ch. 338, § 1, 1959 Minn.Laws 447 (effective May 1, 1960). The 1959 Act provided a lower assessment rate only for non-commercial property "devoted to temporary and seasonal residential occupancy for recreational purposes." In 1967, the legislature extended this property tax break to commercial resorts. *See* Act of June 1, 1967, ch. 32, art. IX, § 1, 1967 Minn.Laws 2173. The statutory provision at issue in this case provides:

> Except as provided in subdivision 5a [classifying the portion of seasonal/recreational property that is used as a homestead as homestead property], all real property devoted to temporary and seasonal residential occupancy for recreational purposes, and which is not devoted to commercial purposes for more than 200 days in the year preceding the year of assessment, shall be class 3 property and assessed accordingly. For this purpose, property is devoted to commercial use on a specific day if it is used, or offered for use, and a fee is charged for such use. Class 3 shall also include commercial use real property used exclusively for recreational purposes in conjunction with class 3 property devoted to temporary and seasonal residential occupancy for recreational purposes, up to a total of two acres, provided the property is not devoted to commercial recreational use for more than 200 days in the year preceding the year of assessment and is located within two miles of the class 3 property with which it is used.

Minn.Stat. § 273.13, subd. 4(a) (1984).[1]

In order for real estate to be classified as non-commercial seasonal/recreation-

---

1. In 1985, the legislature reclassified property

for purposes of real estate taxation. Minn.Stat.

al property under the statute, the real estate must be residential in nature; occupied temporarily; used seasonally; and devoted to recreational purposes. *Otis Lodge, Inc. v. Commissioner of Taxation,* 295 Minn. 80, 206 N.W.2d 3 (1972).

The Helgesons' condominium is residential in nature; it is not used for business purposes, but is kept as a residence for their visits to the metropolitan area. It is occupied temporarily, being used by the Helgesons approximately 30–40 days during each of the assessment years at issue. The only remaining question is whether the condominium is seasonal/recreational.

We believe that people who have their principal dwelling in outstate Minnesota and have another dwelling in the Twin Cities used only periodically for recreational purposes should be treated the same as Twin Cities' residents who own a cottage or other seasonal dwelling in outstate Minnesota. Certainly, the latter have their cottages assessed as Class 3—seasonal/recreational. Any distinction drawn between Minnesota residents would be discriminatory. Furthermore, outstate residents should not be more strictly scrutinized in their tax assessments than others. As the tax court said:

> Most assessors are content to know that the property is not homesteaded and that it is only used by the owner as an

occasional residence. The type of activity engaged in by the owner is not examined, classified, evaluated or chronicled by seasons or otherwise. We obviously favor this latter approach as being the most practical, administratively efficient and least intrusive. Further, this appears to be all that the legislature intended when it established a special classification for non-homestead vacation homes and said that, "all real property devoted to temporary and seasonal residential occupancy for recreational purposes * * * shall be Class 3 property and assessed accordingly."

Secondary dwellings used periodically by outstate residents are to be classified as seasonal/recreational under Minn.Stat. § 273.13, subd. 4(a).[2]

We affirm the decision of the tax court.

SCOTT, Justice (dissenting).

I respectfully dissent. In holding that the Helgeson's condominium is seasonal recreational property under Minn.Stat. § 273.13, subd. 4(a) (1984), the majority fails to consider legislative intent and adhere to prior case law.

In 1959, the legislature enacted a special property-tax classification for noncommercial parcels "devoted to temporary and seasonal residential occupancy for recreational purposes." Act of April 18, 1959, ch. 338,

§ 273.13, subd. 4 was repealed and replaced by Minn.Stat. § 273.13, subd. 27(a), effective for taxes levied in 1986 and payable in 1987 and thereafter. *See* Act of June 28, 1985, ch. 14, art. 4, § 98, 1985 Minn.Laws 2459. The new statute reads in part:

> Except as provided in subdivision 22 [classifying the portion of seasonal/recreational property that is used as a homestead as homestead property], real property devoted to temporary and seasonal residential occupancy for recreation purposes is class 6a.
> Class 6a property also includes real property devoted to temporary and seasonal residential occupancy for recreation purposes and not devoted to commercial purposes for more than 200 days in the year preceding the year of assessment. For this purpose, property is devoted to commercial use on a specific day if it is used, or offered for use, and a fee is charged for the use. Class 6a shall also include commercial use real property used

exclusively for recreational purposes in conjunction with class 6a property devoted to temporary and seasonal residential occupancy for recreational purposes, up to a total of two acres, provided the property is not devoted to commercial recreational use for more than 200 days in the year preceding the year of assessment and is located within two miles of the class 6a property with which it is used. Class 6a property and the remainder of class 1 resorts is assessed at 21 percent.

Minn.Stat. § 273.13, subd. 27(a) (Supp.1985).

**2.** We distinguish, on factual grounds, the present case from *Lilja v. County of Wright,* 307 Minn. 276, 239 N.W.2d 465 (1976), in which this court refused to allow a taxpayer's secondary outstate residence to be classified as seasonal/recreational. Helgeson more clearly used his property for recreational purposes than did the taxpayer in *Lilja.*

§ 1, 1959 Minn.Laws 447. Tourism was, as it is today, an important industry in the state and the legislature, in enacting this tax break for noncommercial cabins, provided an incentive for individuals to purchase such parcels for their seasonal recreational activities. In 1967, the legislature provided a direct tax break to the tourism industry by extending the special tax classification for noncommercial cabins to commercial resorts. *See* Act of June 1, 1967, ch. 32, art. 8, § 1, 1967 Minn.Laws 2173.

In *Otis Lodge, Inc. v. Commissioner of Taxation,* 295 Minn. 80, 206 N.W.2d 3 (1972), we construed the language of Minn. Stat. § 273.13, subd. 4(a), and held that in order for a parcel to be classified as noncommercial seasonal recreational property, the real estate must not only be residential in nature and occupied temporarily, but must also be devoted to seasonal recreational purposes. Although the majority concludes that the condominium at issue here is residential in nature and occupied temporarily, it assumes without discussion that the property is used seasonally and devoted to recreational purposes. Our prior case law establishes that the condominium is neither.

In *Otis Lodge,* we held that the word "seasonal," as used in the statute, refers to "those periods of time during the year when various recreational activities are feasible because of the weather." *Id.* at 83, 206 N.W.2d at 7. Donald Helgeson testified that he and his wife have season tickets for the Minnesota Orchestra and the Guthrie Theatre. He stated that they typically arrive at their condominium in Minneapolis in time for a performance. They then stay overnight in the condominium and return to their home in Sartell the following day. While in the city, the Helgesons may participate in some outdoor recreational activities. The primary purpose for their trip to the city, however, is to attend a performance at Orchestra Hall or the Guthrie Theatre. These cultural activities do not fall within our definition of "seasonal," for such performances cannot reasonably be considered "recreational activities [that] are feasible because of the weather." *Id.* Only a distortion of the *Otis Lodge* definition would make the activities the Helgesons participate in "seasonal."

The condominium owned by the Helgesons is also not devoted to "recreational purposes." The performing arts, no doubt, provide relaxation to many. However, the legislature, in enacting the seasonal recreational classification, did not intend to provide a tax break for such activities. In *Lilja v. County of Wright,* 307 Minn. 276, 239 N.W.2d 465 (1976), we recognized the limited purpose for which this tax classification was enacted and noted:

> Let us assume that a person living in Duluth purchases a duplex in residential St. Paul near the State Fairgrounds where he comes to relax and take advantage of the State Fair and other activities at this facility which take place from time to time throughout the year, and even does a little gardening in the backyard as a matter of further relaxation, exercise, and recreation. A similar set of circumstances could involve a residence near the Guthrie Theatre in Minneapolis. We all march to different drummers and therefore each has his own specific way of gaining relaxation and recreation. The question is, did the legislature intend a tax break for the two hypotheses outlined above? We think not. As we indicated in *Otis Lodge v. Commr. of Taxation, supra,* to "get away from it all" is not a recreational activity, and even though one can very well construe gardening as recreation to some, we are not willing to extend the statute to cover such activity as recreational.

*Id.* at 278, 239 N.W.2d at 467. The recreational activities the Helgesons participate in while in the metropolitan area are secondary to the cultural performances they attend. Thus, our holding in *Lilja* applies to deny the Helgesons the tax break they seek.

In promulgating the seasonal recreational tax classification, the legislature demonstrated an intent to provide tax relief to the

state's tourism industry, as well as to individuals who own noncommercial cabins. In a state that boasts ten thousand lakes, it is understandable that the legislature would create such a tax classification. The majority states that this classification would be discriminatory if held to apply only to noncommercial cabins. However, this issue is not before us, having been neither raised in the tax court nor briefed to this court.

To extend the tax classification to include property used at any time "to get away from it all" not only ignores legislative intent and judicial law, but also presents many practical problems for county assessors. Residential real estate not classified as homestead property can either be labeled "nonhomestead residential property," under Minn.Stat. § 273.13, subd. 19 (assessed at 28% of its market value), or "seasonal recreational property," under Minn. Stat. § 273.13, subd. 4(a) (assessed at 21% of its market value). In urban areas nonhomestead parcels are routinely classified as "nonhomestead residential property" under subdivision 19. Under the majority's decision in this case, however, assessors in urban areas will be forced to delve into the mind of every owner of nonhomestead property in order to determine whether the property may be seasonal recreational under subdivision 4(a). There would simply be no other way for assessors to classify the tremendous number of urban nonhomestead parcels. Such a factfinding method would place an onerous burden on our entire system of assessment, a system that currently relies on limited resources and staff. Moreover, the majority provides no guidelines for assessors to follow in classifying nonhomestead property. The majority opinion is without any limits. Thus, owners of urban nonhomestead parcels could allege that they periodically participate in recreational activities, and thereby qualify their property for the seasonal recreational tax break. The legislature did not intend that this specific tax classification be construed as a large tax break for property owners.

In light of the legislative intent and our own case law, I would reverse the tax

court's ruling that the condominium owned by the Helgesons is "real estate devoted to temporary and seasonal residential occupancy for recreational purposes."

COYNE, J., dissents.